UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERFECTING CHURCH, MARVIN
WINANS, and CYNTHIA FLOWERS,

            Plaintiffs,

Case No. 09-cv-13493
Hon. Gerald E. Rosen

v.

ROYSTER, CARBERRY, GOLDMAN
& ASSOCIATES, INC., *et al*,

            Defendants.
_____/

OPINION AND ORDER
OF MONETARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 8, 2010

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

I. INTRODUCTION

Plaintiffs Perfecting Church, Marvin Winans, and Cynthia Flowers brought this action against Defendants Royster, Carberry, Goldman & Associates, Inc. (RCGA), Martin Royster, Lloyd Banks, Toine Murphy, and Shannon Steel claiming damages for violations of federal and State of Michigan securities laws, and from common law fraud, deceit, or manipulation, in connection with the purchase or sale of securities. After the Court entered Default Judgment against Defendant RCGA, Plaintiffs submitted affidavits

1

to support their request for $790,807.65, including damages, interest, attorney fees and costs. Having had an opportunity to review Plaintiffs' submissions, the Court is now prepared to enter a monetary award. This Memorandum Opinion and Order sets forth the Court's decision.

## II. FACTUAL AND PROCEDURAL BACKGROUND

During the period of August 2007 to May 2008, Plaintiffs invested with Defendants a total of $407,042.45 (Aff. of Cynthia Flowers, Dkt.# 43, ¶¶ 7, 8, 10, July 14, 2010). This total included Plaintiff Perfecting Church's three investments of $25,000.00, $35,000.00, and $225,000.00, Plaintiff Marvin Winan's single investment of $55,627.75, and Plaintiff Cynthia Flowers's single investment of $66,414.70. *Id.* Defendants guaranteed a 10% per month return on Plaintiffs' investments. On May 1, 2009, Defendants executed agreements confirming the appreciation in Plaintiffs' investments and account balances totaling $654,204.44, including $437,756.34 for Plaintiff Perfecting Church, $101,006.05 for Plaintiff Marvin Winans, and $115,442.05 for Plaintiff Cynthia Flowers (Flowers Aff. ¶ 16). When Defendants failed to make scheduled payments to Plaintiffs on their investments, Plaintiffs brought this action.

On July 2, 2010, the Court entered an order granting Plaintiffs' Motion for Default Judgment as to Defendant RCGA. The Court, however, withheld entering a monetary award at that time and directed Plaintiffs to file affidavits showing an accounting of the amount due in damages.

On July 22, 2010, Plaintiffs submitted an affidavit along with account balance

2

statements reflecting the amount due in damages and interest. The affidavit requested damages, interest, attorney fees and costs pursuant to MCL §§ 451.810(a) and 451.2703(1), but it failed to include an itemization of the work performed and costs incurred by Plaintiffs' attorneys. After further instruction from the Court, on August 25, 2010, Plaintiffs submitted a second affidavit including hourly billing invoices for all legal work and an itemization of costs related to this case from June 2009 through July 2010. The affidavits requested $720,449.36[1] in damages including statutory interest, $711.79 in costs, and $66,601.00 in attorney fees.

### III. DISCUSSION

### A. PLAINTIFFS ARE ENTITLED TO ACTUAL DAMAGES

Plaintiffs calculated damages totaling $654,204.44 based on the account balance agreements issued by Defendants on May 1, 2009. These agreements reflected the promised 10% monthly return on Plaintiffs' principal investment. A person may "recover the consideration paid for the security, together with interest at 6% per year from the date of payment." Mich. Comp. Laws Ann. § 451.810(a). The language of § 451.810(a) makes clear that Plaintiffs may only recover their actual damages, measured as the difference between the consideration paid for their securities and any amount received upon tender of their securities. *Kirkland v. E.F. Hutton & Co., Inc.*, 564 F.

---

[1] Plaintiffs' second affidavit [Dkt.# 52] did not include an updated list of damages and statutory interest, so this total is based on the amounts listed on page five of Plaintiffs' first affidavit [Dkt.# 43].

3

Supp. 427, 446 (E.D. Mich. 1983).

Here, Plaintiffs' consideration paid is the principal amount initially invested with Defendants. Because Plaintiffs did not receive any payments from Defendants, Plaintiffs are entitled to their full principal, which is $407,042.45. The Court finds no legal support for Plaintiffs' claim to the appreciated value of their initial investment, as reflected in the May 1, 2009 agreements. Accordingly, the Court grants Plaintiffs an award for damages in the amount of $407,042.45 plus 6% interest from the date of payment.

B.  PLAINTIFFS ARE ENTITLED TO COSTS AND REASONABLE FEES

The Court determines the reasonableness of attorney fees primarily by multiplying the billing rate customarily charged for similar legal services in the same locality by the number of hours spent on the case. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Smith v. Khouri*, 481 Mich. 519, 530-31 (2008). Here, the Court does not take issue with the hourly rates of the Clark Hill attorneys, whose rates range up to $450 per hour depending on attorney skill and experience. The Court finds these rates are commensurate with the billing rates of other large Detroit area firms. "[T]he court is entitled to rely on its own knowledge of attorney's fees in its surrounding area in arriving at a reasonable fee...." *Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1190 (1st Cir. 1996).

The Court does, however, find the total hours billed for the attorney work to be excessive. A portion of the billing entries relate to litigation against Defendants Lloyd Banks, Toine Murphy, and Shannon Steel. Although these are all co-defendants who may

be jointly and severally liable in this case, the Court entered this Default Judgment only as to Defendant RCGA. Therefore, the Court finds it unreasonable to grant fees for work pertaining to the remaining Defendants.

The Court also finds some duplicative or redundant billing entries in counsels' billing invoices. For example, many entries consist of conference calls between various Clark Hill attorneys. The billing invoices contain separate entries by each attorney for the same call, regardless of the attorney's participation in the call or substantive work resulting from the call. Given the high number of calls placed by attorneys to other attorneys within the firm, it is unreasonable to allow Plaintiffs to recover separate fees for each attorney on a single call, particularly for a default judgment.

None of this is intended as criticism of the quality of work Plaintiffs' counsel performed in this case. The Court is aware of the significant amount of time and effort Plaintiffs' counsel expended in successfully challenging Defendant RCGA's Chapter 13 bankruptcy plan. The Court believes, however, that the opposing party should only be taxed with reasonable costs and fees associated with work related specifically to the Default Judgment as to Defendant RCGA.

For the foregoing reasons, the Court finds that Plaintiffs' requested fee award should be reduced by 25%. Accordingly, the Court awards Plaintiffs $49,950.75 in attorney fees. The Court finds that this amount is reasonable in relation to the award of damages. In addition, the Court finds Plaintiffs' request for costs, which consists mainly of service of process and filing fees, to be reasonable and awards Plaintiff the full

$711.79 in costs.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiffs be awarded $407,042.45 as damages in this case.

IT IS FURTHER ORDERED that Plaintiffs be awarded $49,950.75 in attorney fees and $711.79 in costs for a total award of fees and costs in the amount of $50,662.54.

IT IS FURTHER ORDERED that Plaintiffs be awarded accruing pre-judgment interest on damages pursuant to MCL § 451.810(a) plus accruing post-judgment interest on the total Judgment pursuant to 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that this Court will retain jurisdiction of this matter to effectuate the terms of this Judgment.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: September 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2010, by electronic mail and upon Royster, Carberry, Goldman and Associates, Inc., c/o Martin Royster, 19710 Chesterfield, Detroit, MI 48221 by ordinary mail.

                                      s/Ruth A.Gunther
                                      Case Manager