UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERFECTING CHURCH, MARVIN
WINANS, and CYNTHIA FLOWERS

      Plaintiffs,      No. 09-cv-13493
                    Hon. Gerald E. Rosen
vs.

ROYSTER, CARBERRY, GOLDMAN &
ASSOCIATES, INC., MARTIN ROYSTER,
SHANNON STEEL, LLOYD BANKS,
TOINE MURPHY, and SHALAC HOLDINGS LLC

      Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS**

In an opinion and order dated September 22, 2011, the Court granted summary judgment in favor of Plaintiffs Perfecting Church, Marvin Winans, and Cynthia Flowers ("Plaintiffs") on their claim that Defendants Lloyd Banks ("Banks") and Toine Murphy ("Murphy") violated § 451.810 of the Michigan Uniform Securities Act ("MUSA"). Plaintiffs stipulated to dismissal of their remaining claims against Banks and Murphy, and the Court issued an order to that effect on December 2, 2011. Additionally, Plaintiffs have filed a motion for judgment on the claims to which the Court granted summary judgment. Given the posture of this case, it remains only to resolve Plaintiffs' motion for sanctions against Banks, Murphy, and their counsel under Rule 11. For the reasons set

forth below, the Court finds that Banks and Murphy's conduct was not unreasonable under the circumstances and thus does not merit sanctions.

Under Rule 11, each paper presented to the Court carries an implied certification that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). More generally, "[i]n this circuit, the test for the imposition of Rule 11 sanctions [is] . . . whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997) (internal quotation marks and citations omitted).[1]

---

[1] Banks and Murphy have satisfied the "safe harbor" requirements for the imposition of Rule 11 sanctions by serving their motion 21 days before filing it. *See* Fed. R. Civ. P. 11(c)(1)(A).

2

The Sixth Circuit has emphasized that the Rule's requirement of reasonableness "is not a one-time obligation." *Runfola & Assocs. Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996) (internal quotation marks and citation omitted). Rather, each party "is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11." *Id.* The 1993 amendments to Rule 11 were intended to "emphasize[] the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendments. The court must also take heed that the "purpose of Rule 11 sanctions is to deter rather than to compensate," Fed. R. Civ. P 11 advisory committee notes, especially when the conduct amounts to a litigation strategy of "press forward at all costs," *B & H Med., L.L.C. v. ABP Admin., Inc.*, 354 F. Supp. 2d 746, 750 (E.D. Mich. 2005).

Plaintiffs assert that Banks and Murphy lacked factual and legal support for a number of their responsive claims including: that they were mere "employees" of Royster, that they were not involved in soliciting and securing Plaintiffs' investments in RCG, that all activities performed were at the behest of Royster, and that the exact roles of Banks and Murphy were not clear from the allegations outlined in Plaintiffs' motion for summary judgment. (Pls.' Mot. for R. 11 Sanc. 1-4.) Plaintiffs also maintain that Banks and Murphy improperly disputed the following facts: whether investors' funds were dispersed in the manner discussed in Banks and Murphy's emails; what information Royster relayed to his business associates; and whether Banks and Murphy had actual or

3

constructive knowledge of the facts giving rise to the securities claim. (*Id.*) Banks and Murphy generally denied these allegations and claimed further development of material facts was necessary.[2] (Defs.' Resp. to Pls.' Mot. R. 11 Sanc. 8-9.) This Court's summary judgment opinion acknowledged a number of shortcomings in the assertions made by Banks and Murphy. *See Perfecting Church v. Royster, Carberry, Goldman & Assocs. Inc.*, No. 09-13493, 2011 WL 4407439, at *7 (E.D. Mich. Sept. 22, 2011). However, under the circumstances, Banks and Murphy's conduct does not warrant Rule 11 sanctions.

The test for imposing sanctions is whether the individual's conduct was reasonable under the circumstances. *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378 (6th Cir. 1997). Whether sanctions should be granted is not to be determined in hindsight, but rather by examining counsel's conduct and reasonable beliefs when at the time the pleading was filed. *Mann v. G & G Mfr., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). What constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available; whether counsel had to rely on a client for underlying factual information; and whether the pleading, motion, or other paper was based on a plausible view of the law. *See* Fed. R. Civ. P. 11 advisory committee notes.

In *B & H Medical, L.L.C. v. ABP Admin., Inc.*, 354 F. Supp. 2d 746 (E.D. Mich. 2005), sanctions were imposed on plaintiff and its counsel when they failed to dismiss the case after a lengthy discovery period, extended on two separate occasions, failed to

---

[2] In response to Plaintiffs' motion for sanctions, Banks and Murphy merely submitted the same brief used to respond to Plaintiffs' motion for partial summary judgment.

disclose any support for their claims. 354 F. Supp. 2d. at 748. By contrast, formal discovery had not yet commenced in this case. As such, it is not inconceivable that Banks and Murphy might have buttressed their arguments with additional support during discovery. Moreover, while the plaintiffs in *B & H* continued to initiate clearly groundless claims based on unsupported theories, Banks and Murphy merely responded to Plaintiffs' dispositive motion.

Additionally, an email counsel sent in response to Plaintiffs' Rule 11 motion indicated they were new to the case and that, consequently, they had little more than a month's time to review the record.[3] (Pls.' Mot. for R. 11 Sanc. Ex. C.) Counsel further opined that discovery had not been initiated on behalf of their clients. *Id.* As a result, counsel was forced to rely on their clients' claims of innocence. (Pls.' Mot. for R. 11 Sanc. Ex. D.) As noted earlier, the Rule 11 advisory notes specify that, in determining the appropriateness of Rule 11 sanctions, a court may consider the extent of counsel's reliance on their client for information. *Mann v. G & G Mfr., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). Given counsels' short time with the case, unfamiliarity with the record, and lack of formal discovery, it was not unreasonable for counsel to maintain Banks and Murphy's position in their responsive pleading.

In determining whether Banks and Murphy's response was based on a plausible view of the law, *Haisha v. Country Wide Bank, FSB*, No. 11-11276, 2011 WL 3268104

---

[3] Plaintiffs' motion for summary judgment was entered February 1, 2011. On the same day, Banks and Murphy's counsel filed a motion to withdraw. Substitute counsel did not appear until April 6. At that point, Banks and Murphy had to both bring counsel up to speed and prepare a response.

(E.D. Mich. 2011), is instructive.  In *Haisha*, the court grounded its sanctions on three main findings: (1) the complaint was fraught with significant factual inaccuracies, one of which implied fraud upon the court; (2) a majority of the counts lacked any legal foundation; and (3) many of the same claims had been repeatedly dismissed in Michigan courts thereby putting counsel on notice that they lacked legal support.  *Id.* at *4.  None of Banks and Murphy's claims in the present case reached such an egregious level of unreasonableness.  As stated in the Court's earlier opinion, several of Banks and Murphy's claims were tenuous and scarcely supported, but such claims do not amount to the sort of "press forward at all costs" litigation that Rule 11 is intended to deter.  *B & H Med., L.L.C. v. ABP Admin., Inc.*, 354 F. Supp. 2d 746, 750 (E.D. Mich. 2005).

   Moreover, Rule 11 sanctions are appropriate when a pleading is baseless and made without a reasonable, competent inquiry.  *Elsman v. Standard Fed. Bank*, 238 F. Supp. 2d 903, 908 (E.D. Mich. 2003).  It is not *per se* unreasonable for a lawyer to zealously advocate for his client in the face of strong countervailing evidence.  The amendments to Rule 11 explicitly state that Rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.  *See* Fed. R. Civ. P. 11 advisory committee notes; 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1334 (3d ed.).  Though the evidence was heavily stacked against Banks and Murphy, this Court must consider the relevant circumstances underlying Banks and Murphy's contentions—that is, counsel's short time on the case, limited familiarity with the record, necessary reliance on their clients' assertions, and the absence of official discovery.

6

Banks and Murphy did make attenuated arguments, but, given the circumstances, this Court does not find they were groundless, frivolous, or unreasonable so as to warrant sanctions.

## CONCLUSION

For the reasons stated in this opinion, the Court finds that Banks and Murphy's contentions do not warrant Rule 11 sanctions.

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion for Sanctions [Dkt. # 96] is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: December 9, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 9, 2011, by electronic and/or ordinary mail.

s/Ruth A.Gunther

Case Manager

7